```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL HUNTER,

                    Plaintiff,
                                                    09-CV-6285
          v.
                                                    DECISION
THE TOWN OF CHILI, NEW YORK, DENNIS K.              and ORDER
SCIBETTA, as Building & Plumbing Inspector
of the Town of Chili, New York,

                    Defendants.
_____
```

## **INTRODUCTION**

Defendants the Town of Chili ("Town of Chili) and Dennis K. Scibetta ("Scibetta") (collectively "defendants") move pursuant to Federal Rule Civil Procedure 12(b)(1) and (6) to dismiss Michael Hunter's ("plaintiff") Complaint. Defendants argue that this Court lacks subject-matter jurisdiction because plaintiff's claims are not ripe for adjudication. Specifically, defendants argue that plaintiff failed to obtain a final decision from the Town of Chili zoning authorities before commencing this suit. For the reasons set forth below, the Court finds that plaintiff's claims are not ripe for judicial review and accordingly, defendants' motion to dismiss the Complaint pursuant to Fed. R. Civ. Proc. 12(b)(1) is granted.

## **BACKGROUND**

The Complaint alleges that the plaintiff owns an unimproved 77 acre parcel of land in the Town of Chili, New York. Complaint ¶ 8, 10. Plaintiff seeks to improve the property by constructing a driveway on the premises. Complaint ¶ 13. According to the

Complaint, plaintiff obtained a "fill permit" and "development permit" pursuant to the Building Code of the Town of Chili. Complaint ¶ 18, 19. In June 2006, plaintiff arranged for a local company to haul approximately 1,500 truckloads of fill to the property for construction of plaintiff's planned driveway. Complaint ¶ 23. Shortly after the local company commenced depositing fill on plaintiff's property, one of the defendants, Scibetta, removed the fill permit from plaintiff's property, ordered plaintiff to cease receiving fill, and ordered the local company to stop hauling fill for deposit on plaintiff's property. Complaint ¶ 31. Scibetta informed plaintiff that plaintiff was required to file a site plan for the proposed driveway along with his application for a new "fill permit." Complaint ¶ 36. Plaintiff then filed the application for a fill permit which, defendants denied because plaintiff failed to file a site plan. Complaint ¶ 41. Plaintiff thereafter commenced this suit pursuant to 42 U.S.C. §1983, claiming his procedural and substantive due process rights, equal protection rights, and first amendment rights were violated by defendants' actions.[1] Defendants move to dismiss all remaining claims for failure to state a claim and for lack of subject-matter jurisdiction. Because subject-matter jurisdiction is a constitutional prerequisite, this Court must determine whether the claim meets the ripeness requirement.

---

[1] Plaintiff has since withdrawn his first amendment claim.

For the reasons stated herein, the Complaint is dismissed since the claims alleged are not ripe for determination.

**DISCUSSION**

Ripeness of an alleged claim is a jurisdictional prerequisite. See, e.g., Murphy v. New Milford Zoning Com'n, 402 F.3d 342 (2d Cir. 2005). The ripeness doctrine prevents a federal court from deciding cases where the injury is merely speculative. See Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967); see also Erwin Chemerinsky, Federal Jurisdiction § 2.4, at 113-25 (2d ed. 1994). "As the Supreme Court has explained, the ripeness doctrine's 'basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" Murphy, 402 F.3d at 347 (quoting Abbott Labs., 387 U.S. at 148).

The ripeness doctrine has particular import in land use cases. Murphy, 402 F.3d at 347. In Williamson County Regional Planning Com'n v. Hamilton Bank, 473 U.S. 172 (1985), the Supreme Court held that for a takings claim to be ripe the plaintiff must receive a "final decision" from the local zoning authorities. Specifically, a plaintiff must request a variance before a determination becomes final. Id. at 186-89.[2] This requirement is lacking here. The Second Circuit has held that "[u]nless a court has a final decision before it, it cannot determine whether a claimant was deprived of property

---

[2]This requirement is referred to as the "prong-one" ripeness requirement of Williamson County. If a plaintiff has satisfied prong-one, prong-two requires a plaintiff exhaust state procedures for obtaining just compensation. Williamson Co., 473 U.S. at 194. However, this prong is inapplicable here because plaintiff does not allege defendants deprived him of property without just compensation.

- Page 3 -

and whether the government conduct was arbitrary or capricious." Southview Assocs. Ltd. v. Bongartz, 980 F.2d 84, 97 (2d Cir.1992) (applying ripeness analysis to due process claims).[3]

Four policy rationales support the finality requirement. First, obtaining a final decision aids the development of a full record. Murphy, 402 F.3d at 348. Second, "only if a property owner has exhausted the variance process will a court know precisely how a regulation will be applied to a particular parcel." Id. Third, a variance may provide plaintiff relief by avoiding judicial adjudication of constitutional claims, furthering "the long-standing principle that disputes should be decided on non-constitutional grounds whenever possible." Id.; see Ashwander v. Tenn. Valley Auth., 297 U.S. 298, 345-46 (1936) (Brandeis, J., concurring). Finally, respect for federalism sustains the ripeness requirement. "Requiring a property owner to obtain a final, definitive position from zoning authorities evinces the judiciary's appreciation that land use disputes are uniquely matters of local concern more aptly suited for local resolution." Murphy, 402 F.3d at 348.

Here, plaintiff's Complaint fails to allege that he undertook an appeal of defendants' initial decision denying his request for a fill permit pursuant to the Town of Chili regulations. Contrary to

---

[3] Williamson County's prong-one ripeness requirement extends to procedural and substantive due process claims as well as equal protection claims. See Dougherty v. Town of North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002) (noting Williamsom's ripeness requirement, although originating in the takings context, has been applied to due process and equal protection claims). This Court is required to follow Second Circuit precedent and thus the case of Town of Orangetown v. Magee, 88 N.Y. 2d 41 (1996), which plaintiff relies upon, lacks persuasive appeal.

plaintiff's assertion, this does not place an impermissible exhaustion requirement on his § 1983 claim. The Court in Williamson noted the "question whether administrative remedies must be exhausted is conceptually distinct, however, from the question whether an administrative action must be final before it is judicially reviewable." 473 U.S. at 192. Until the plaintiff seeks an appeal of the building inspector's initial determination, there is no "final decision" which is a jurisdictional necessity for this Court to adjudicate plaintiff's claims. Plaintiff would not, however, be required to appeal the Zoning Board's decision in state court. See Williamson Co., 473 U.S. at 192.

The rigidness of the finality requirement may be relaxed if pursuing an appeal or requesting a variance would be futile. Id. at 349. "[A] property owner need not pursue such applications when a zoning agency lacks discretion to grant variances or has dug in its heels and made clear that all such applications will be denied." Id. The Town of Chili Board of Zoning Appeals ("Zoning Board of Appeals"), by contrast, has broad authority to correct any "error in any requirement, decision, or determination made by the local administrator." Code of Town of Chili § 61-16.B. Further, if the Zoning Board of Appeals confirmed the building inspectors initial decision, it alone has the power to grant a variance. § 61.16.A. Further, nothing in the Complaint suggests that the Zoning Board of Appeals has "dug in its heals" or otherwise stonewalled plaintiff. Thus, plaintiff's claims are not ripe for judicial review until

plaintiff has obtained a final decision from the Zoning Board of Appeals as defined by Williamson and its progeny.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss for lack of subject-matter jurisdiction is granted.

**ALL OF THE ABOVE IS SO ORDERED.**

                                    s/Michael A. Telesca
                                      MICHAEL A. TELESCA
                                  United States District Judge

Dated:    Rochester, New York
           February 18, 2010