```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
MICHAEL HUNTER,

                         Plaintiff,
                                                    09-CV-6285

             v.
                                                    **DECISION**
THE TOWN OF CHILI, NEW YORK, DENNIS K.               **and ORDER**
SCIBETTA, as Building & Plumbing Inspector
of the Town of Chili, New York,

                         Defendants.
_____
```

## **INTRODUCTION**

Plaintiff, Michael Hunter ("plaintiff") commenced this action under 42 U.S.C. § 1983 alleging defendants the Town of Chili ("Town of Chili) and Dennis K. Scibetta ("Scibetta") (collectively "defendants") violated his constitutional rights. By Decision and Order dated February 18, 2010 ("February 18 Decision and Order"), this Court held that plaintiff's claims were not ripe for judicial review and accordingly, granted the defendants' motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1). Now before the Court is a motion for attorney's fees incurred by defendants pursuant to 42 U.S.C. § 1988. Plaintiff opposes the motion. For the reasons set forth below, defendants' motion is denied.

## **BACKGROUND**

The facts of this case were set forth in the Court's February 18 Decision and Order, familiarity with which is presumed and thus need not be repeated in their entirety here. For purposes of the instant

motion it is sufficient to note the following facts. In his Complaint, plaintiff alleged the following claims pursuant to 42 U.S.C. § 1983 against the defendants: 1) his procedural and substantive due process rights were violated; 2) a violation of his equal protection rights; and 3) that his first amendment rights were violated by defendants' actions.[1] Subsequently, defendants filed their motion to dismiss plaintiff's Complaint. Thereafter, this Court issued its February 18 Decision and Order dismissing plaintiff's claims against the defendants pursuant to Fed. R. Civ. P. 12(b)(1) finding that the claims alleged by plaintiff were not ripe for determination.

On February 25, 2010, the defendants filed the instant motion for attorney's fees, pursuant to 42 U.S.C. § 1988. In support of its request, the defendants contend that they are entitled to an award of attorney's fees, since they were the prevailing parties in this action. On March 19, 2010, plaintiff filed a Notice of Appeal of this Court's February 18 Decision and Order. Although a Notice of Appeal normally divests the district court of jurisdiction, a district court retains jurisdiction to decide the issue of attorneys' fees and other collateral matters notwithstanding a pending appeal. See In re Zyprexa Prods. Liab. Litig., 594 F.3d 113, 127 n. 60 ("It is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits") (quotations and citations omitted);

---

[1] Plaintiff thereafter withdrew his first amendment claim.

Veltri v. Bldg. Serv. 32B-J Pension Fund, 2004 WL 856329, at *1 (S.D.N.Y.2004); Yurman Designs, Inc. v. PAJ, Inc., 2001 WL 797474, at *2 (S.D.N.Y.2001); see also Tancredi v. Metropolitan Life Ins. Co., 256 F.Supp.2d 196, 198-99 (S.D.N.Y.2003) (observing that "the 1993 Advisory Committee Note to Rule 54(d)(2)... specifically note[s] that a district court remains free, notwithstanding an appeal from a judgment on the merits, to award attorneys' fees during the pendency of the appeal").

## **DISCUSSION**

The legal principles applicable to the instant motion are clear:

> Under 42 U.S.C. § 1988(b), in any action to enforce Section 1983, a district court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs....Fees are regularly awarded to prevailing plaintiffs who obtain some significant measure of relief *but not to prevailing defendants*. Instead, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. A prevailing defendant need not show bad faith by a plaintiff to be entitled to attorneys' fees, though such a showing provides an even stronger basis for the award.

Panetta v. Crowley, 460 F.3d 388, 399 (2d Cir.2006) (emphasis added; citations and internal quotation marks omitted); see also, Santiago v. Victim Servs. Agency of Metro. Assistance Corp., 753 F.2d 219, 221 (2d Cir.1985) ("A prevailing defendant who seeks attorney's fees [under 42 U.S.C. § 1988] must demonstrate that the plaintiff's claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. This burden is placed on the defendant because the plaintiff in a civil rights

action is the chosen instrument of Congress to vindicate a policy of the highest national priority") (citations and internal quotation marks omitted), overruling on other grounds recognized by <u>Valley Disposal, Inc. v. Cent. Vermont Solid Waste Mang't. Dist.</u>, 71 F.3d 1053 (2d Cir.1995). As the Second Circuit cautioned, courts should be careful in awarding fees to prevailing defendants in part due to "the potential chilling effect of such an award on Section 1983 plaintiffs." <u>Maliha v. Faluotico</u>, 2008 WL 2845613, at *1 (N.D.N.Y.2008) (quoting <u>Rounseville v. Zahl</u>, 13 F.3d 625, 632 (2d Cir.1994)).

In the instant case, the defendants have not met their burden of demonstrating their entitlement to attorney's fees under the applicable standard set forth above. Although they are prevailing parties in this action and this Court found that plaintiff's claims were not ripe for judicial review, this court does not find that plaintiff's claims were so frivolous as to warrant an award of fees. See <u>McGriff v. Municipal Housing Auth. for City of Yonkers</u>, 2007 WL 3143706, at *3 (S.D.N.Y.2007) ("Although plaintiff fails to state a claim, the court does not believe that her claim was so frivolous as to warrant an award of fees"). Plaintiff relied on a New York Court of Appeals case, <u>Town of Orangetown v. Magee</u>, 88 N.Y.2d 41 (1996) for the proposition that a building inspector's revocation of a permit need not be appealed by the plaintiff to the Zoning Board of Appeals in order for his claim to be ripe. This Court relied on federal law, i.e., <u>Williamson County Regional Planning Com'n v. Hamilton Bank</u>, 473

U.S. 172 (1985), which held that a plaintiff must request a variance before a determination becomes final. See id. at 186-89. In applying federal law, this Court held that plaintiff did not satisfy the Williamson requirement.

Consequently, this Court found that plaintiff's claims were not ripe for judicial review until plaintiff had obtained a final decision from the Zoning Board of Appeals as defined by Williamson and its progeny. In addition, this Court noted that it was required to follow Second Circuit precedent and thus the case of Town of Orangetown, 88 N.Y. 2d at 41, which plaintiff relied upon, was not persuasive. Therefore, while this Court rejected plaintiff's arguments, those arguments were not found to be frivolous, unreasonable, or groundless when viewed in the light of the Town of Orangetown case. Although this Court acknowledges the able manner in which counsel defended this matter on behalf of the defendants, the application for attorney's fees must be denied.

## CONCLUSION

For the reasons set forth above, defendants' motion for attorney's fees is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

                                  s/Michael A. Telesca
                                   MICHAEL A. TELESCA
                            United States District Judge

Dated: Rochester, New York
       March 24, 2010